**Margarita Sue ALVARADO, Plaintiff,**

v.

**J.C. PENNEY COMPANY, INC., Defendant.**

No. 83–4375.

United States District Court, D. Kansas.

April 23, 1990.

372

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

On February 5, 1990, the court held oral argument on defendant's motion for reconsideration. This motion was directed at the court's order of May 16, 1989, which has been published at 713 F.Supp. 1389. In that order, we had denied summary judgment to the defendant on the "flammability defects" asserted by the plaintiff. In response to the defendant's motion, plaintiff asked for reconsideration of one issue decided in the order of May 16th. At the hearing of February 5th, the court directed defendant to respond to the argument

raised by the plaintiff. Having received the additional briefs and heard the arguments, the court is now prepared to rule.

■ The court finds it necessary to begin the discussion with the arguments raised by the plaintiff. In the order of May 16th, the court held that K.S.A. 60–3304(a) of the Kansas Products Liability Act (KPLA) created a conclusive presumption when a product complies with legislative regulatory standards and/or administrative regulatory safety standards relating to design or performance. 713 F.Supp. at 1391–92. Plaintiff contends that the court's view of the statute is incorrect because the legislature did not intend to create a conclusive presumption. Plaintiff further argues that if a conclusive presumption is created, such presumption violates the due process clause of the Fourteenth Amendment to the United States Constitution.

The court intends to reexamine our prior ruling. The statute in question provides as follows:

When the injury-causing aspect of the product was, at the time of manufacture, in compliance with legislative regulatory standards or administrative regulatory safety standards relating to design or performance, the product shall be deemed not defective by reason of design or performance, or, if the standard addressed warnings or instructions, the product shall be deemed not defective by reason of warnings or instructions, unless the claimant proves by a preponderance of the evidence that a reasonably prudent product seller could and would have taken additional precautions.

In holding that the statute created a conclusive presumption concerning design and performance, we noted that "[a] plain reading of the statute indicates that the final clause modifies only the preceding clause relating to warning/instructions and does not modify the clause relating to design/performance." 713 F.Supp. at 1391. The court further noted that this interpretation was supported by a rule of statutory construction: the rule of the last ante-

cedent. *Id.* " 'In construing statutes, qualifying words, phrases and clauses are ordinarily confined to the last antecedent, or to words and phrases immediately preceding.' " *Id.* (quoting *Barten v. Turkey Creek Watershed Joint District No. 32,* 200 Kan. 489, 438 P.2d 732 (1968)). Finally, the court noted that in K.S.A. 60–3304(b), the legislature had not made the distinction regarding design/performance and warning/instruction regulations. *Id.* This was an indication to the court that the legislature intended the distinction in K.S.A. 60–3304(a). *Id.*

Plaintiff first argues that the court overlooked the legislative intent in construing this statute. Plaintiff points out that the KPLA was based on the Model Uniform Products Liability Act (MUPLA). Plaintiff states she has found no case interpreting either the KPLA or the MUPLA as creating a conclusive presumption when the product complies with legislative or administrative regulatory safety standards relating to design or performance. Plaintiff also argues, relying on *Taylor v. Perdition Minerals Group, Ltd.,* 244 Kan. 126, 766 P.2d 805 (1988), that the court incorrectly applied the rule of the last antecedent. Finally, plaintiff asserts that the court's argument based on K.S.A. 60–3304(b) is erroneous because the court should have treated design, performance, warning and instruction defects in an identical fashion as they are in the other provisions of the KPLA.

In evaluating the arguments made by the plaintiff, the court has undertaken a thorough review of the MUPLA, the act upon which the KPLA is based. The parties had not previously addressed the history of either the MUPLA or the KPLA except to note that the KPLA was derived from the MUPLA. The comments to § 108 of the MUPLA, the forerunner of K.S.A. 60–3304, are instructive in divining the meaning of K.S.A. 60–3304. These comments are as follows:

The approach taken in Subsection (A) [K.S.A. 60–3304(a)] is ·based on these cases [*Jones v. Hittle Service, Inc.,* 219 Kan. 627, 549 P.2d 1383 (1976); *McDaniel v. McNeil Laboratories, Inc.,* 196 Neb. 190, 241 N.W.2d 822 (1976); *Simien v. S.S. Kresge Co.,* 566 F.2d 551 (5th Cir.1978); *Bruce v. Martin–Marietta Corp.,* 544 F.2d 442 (10th Cir.1976) ] and on the "Restatement (Second) of Torts" § 288C (1965). When the specific injury causing aspect of the product conformed to or was in compliance with the legislative or administrative regulatory standard, the product is deemed not defective under Subsection 104(B) [K.S.A. 60–330] when design is relevant, or under Subsection 104(C) [K.S.A. 60–330] or 105(A) [K.S.A. 60–330] when the duty to warn or instruct is relevant, unless the claimant proves by a preponderance of the evidence that a reasonably prudent seller could and would have taken additional precautions.

This approach has enabled claimants to prevail when legislative or administrative standards did not meet an appropriate level of safety. For example, in *Raymond v. Riegel Textile Corp.,* 484 F.2d 1025 (1st Cir.1973), the claimant was able to show that a standard promulgated under the "Flammable Fabrics Act" was outdated. *See also Burch v. Amsterdam Corp.,* 366 A.2d 1079 (D.C.1976) (when manufacturer knows of greater dangers not included in a statutorily mandated warning, it should bring those precautions to the attention of the product users). On the other hand, it recognizes that government safety standards *may* provide an adequate basis for evaluating safety in tort law. (Emphasis in original).

The significance of these comments is obvious. In the MUPLA, no distinction is made in § 108 between performance/design and warning/instruction defects. The comments make clear that the drafters of § 108 intended to allow claimants alleging either type of defect to demonstrate that a legislative or regulatory standard does not meet an appropriate level of safety. The comments highlight the issue presented in this case by citing to *Raymond v. Riegel Textile Corp.,* 484 F.2d 1025 (1st Cir.1973).

The comments to the MUPLA suggest that the court erred in interpreting K.S.A.

60–3304(a). Nevertheless, from a grammatical standpoint, the court's interpretation of the statute has some support. The appropriate technique for statutory interpretation has long been an issue of concern for the courts and commentators. 2A Sutherland Statutory Construction § 45.06 (4th ed. 1984). This debate has intensified lately. *See, e.g.*, Farber, Statutory Interpretation and Legislative Supremacy, 78 Georgetown L.J. 281 (1989); Zeppos, Judicial Candor and Statutory Interpretation, 78 Georgetown L.J. 353 (1989); Alienikoff, Updating Statutory Interpretation, 87 Mich.L.Rev. 20 (1988); Farber & Frickey, Legislative Intent and Public Choice, 74 Va.L.Rev. 423 (1988); Easterbrook, The Role of Original Intent in Statutory Construction, 11 Harv.J.L. & Soc.Pol. 59 (1988); Maltz, Statutory Interpretation and Legislative Power: The Case for a Modified Intentionalist Approach, 63 Tul.L.Rev. 1 (1988). The court shall not unduly lengthen this opinion with a discussion of this scholarly dispute.

■ Having read and reread K.S.A. 60–3304(a), we are now of the belief that we incorrectly interpreted it in our previous opinion. We believe that we rigidly applied the rule of the last antecedent in an erroneous fashion. In *Taylor v. Perdition Minerals Group, Ltd.*, 244 Kan. 126, 766 P.2d 805, 810 (1988), the Kansas Supreme Court quoted the following from 2A Sutherland Statutory Construction § 47.33:

"Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is 'the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence.' Thus a proviso usually is construed to apply to the provision of clause immediately preceding it. The rule is another aid to discovery of intent or meaning and is not inflexible and uniformly binding. Where the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding sections, the word or phrase will not be restricted to its immediate antecedent.

"Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma."

The significance of the Sutherland quote is twofold. First, the Kansas Supreme Court recognizes in *Taylor* that the rule of the last antecedent is not inflexible. Second, the Court notes that the placement of commas is important in interpreting the rule of the last antecedent. In applying those rules, we find that ambiguity is present in K.S.A. 60–3304(a). Accordingly, we find it necessary to resort to the legislative history as provided by the comments to the MUPLA. As we have previously noted in this opinion, these comments suggest very clearly that we erred in the decision we reached in our order of May 16, 1989. We now hold that the final clause of K.S.A. 60–3304(a) modifies all of the prior language. This means that a plaintiff can attempt to demonstrate by a preponderance of the evidence that a regulatory or administrative standard does not meet the necessary level of safety.

With this ruling, the remaining argument of the plaintiff concerning the constitutionality of the court's prior holding is moot. In addition, the contentions raised in defendant's motion for reconsideration concerning the "flammability defects" are moot.

IT IS THEREFORE ORDERED that plaintiff's request for reconsideration be hereby granted. The portion of the court's order of May 16, 1989 indicating that K.S.A. 60–3304(a) created a conclusive presumption when it is shown that a product complies with legislative or administrative safety standards relating to design or performance is hereby withdrawn.

IT IS FURTHER ORDERED that defendant's motion for reconsideration be hereby denied as moot.

IT IS SO ORDERED.